CITY OF CLEVELAND *v.* GREY.

(No. 82 CRB 17479—Decided November 4, 1982.)

Cleveland Municipal Court.

*Mr. Jose C. Feliciano,* city prosecutor, and *Ms. Emanuella Groves,* for plaintiff.

*Mr. Stephen Walker,* for defendant.

ADRINE, J. The defendant has moved this court for an order dismissing the charge which has been brought against her for violation of Cleveland Codified Ordinance Section 619.09. She alleges multiple violations of the rights guaranteed her under the Constitution of the United States. Specifically, the issues raised by the defendant are as follows:

"1. The complaint and the ordinance it was brought under seek to punish speech alone and as such constitute an undue infringement upon defendant's rights under the First Amendment to the U.S. Constitution.

"2. The ordinance sweeps under its coverage both protected and unprotected speech and is therefore, overbroad, in violation of the protections afforded by the First Amendment to the U.S. Constitution.

"3. The ordinance does not require the defendant to be possessed of a specific mens rea at the time of the act. Thus, strict liability is imposed on her, in violation of her rights under the Fourteenth Amendment to the U.S. Constitution.

"4. The ordinance violates defendant's right to privacy as guaranteed by the First Amendment to the U.S. Constitution.

"5. The ordinance violates defendant's right to equal protection under law as set forth in the Fourteenth Amendment to the U.S. Constitution."

In ruling on defendant's motion, the court will discuss each of the arguments which have been raised.

Issues 1, 2 and 3

The defendant has been charged with the crime of soliciting in violation of Section 619.09(a). That ordinance reads, in pertinent part, as follows:

"No person shall solicit another to engage with such other person in sexual activity for hire. This section forbids the solicitation of paid sexual activity * * *."

The defendant claims that the ordinance seeks to punish mere speech in violation of her rights under the First Amendment to the United States Constitution. It is her contention that the conduct which is the subject of the speech is already subject to criminal sanction. Further, she says that the complained of speech does not fall into any of the accepted exceptions recognized by the United States Supreme Court as allowing state regulation of the right to free speech. This court disagrees.

As the defendant ably points out in her brief in support of her motion to dismiss, "the behavior which is the subject matter of the speech" is prohibited by the laws of this community. It is not the words themselves which the soliciting statute seeks to punish. It is the underlying offer to engage in the prohibited conduct of sex for hire.

The United States Supreme Court spoke to this issue in *Pittsburgh Press Co.* v. *Pittsburgh Comm. on Human Relations* (1973), 413 U.S. 376. There the court upheld an ordinance that forbade newspapers to carry help wanted ads in

sex-designated columns except for bona fide occupational exceptions. The illegality of the advertising was particularly stressed:

"Any First Amendment interest which might be served by advertising an ordinary commercial proposal and which arguably outweigh the governmental interest supporting the regulation is altogether absent when the commercial activity is illegal and the restriction on advertising is incidental to a valid limitation on economic activity." *Id.* at 389.

See, also, *Bigelow* v. *Virginia* (1975), 421 U.S. 809, and *Virgina State Board of Pharmacy* v. *Virginia Citizens Consumer Council, Inc.* (1976), 425 U.S. 748.

In *Virginia Citizens* the court said:
"Some forms of commercial speech regulation are surely permissible. We mention a few [*e.g.,* speech which proposes an illegal transaction] only to make clear that they are not before us and therefore are not foreclosed by this case." *Id.* at 770.

Certainly the act of soliciting is no more and no less than "advertising" the illegal act of sex for hire and is therefore not afforded any protection under the First Amendment.

The court finds that Section 601.06 does supply the requisite degree of culpability necessary to remove Section 619.09 from the path of destruction for overbreadth. Section 601.06(b) clearly states:

"When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."

With regard to Section 619.09, the intent of the legislative authority was clearly to impose strict liability for its violation. It is equally clear, therefore, that city council intended to establish recklessness as the degree of culpability required for such violations.

### Issue 4

Defendant maintains that her right to privacy is violated by the city's unwarranted intrusion into her private sexual conduct. Again, the court disagrees.

Holding as I do today, that the behavior that is the subject of the speech is a prohibited commercial transaction, it will be seen, from the court's earlier discussion, that the city has legitimate and compelling interests in regulating such transactions, which are in reality public in nature.

### Issue 5

The court has reviewed defendant's argument alleging a violation of her right to equal protection under law. The court finds the argument on this issue to be without merit.

For the foregoing reasons the court finds that defendant's motion to dismiss is not well taken. It is, therefore, overruled.

*Motion to dismiss overruled.*